UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Case No. 23-cv-1419-pp

APPROXIMATELY $25,490 US CURRENCY,

        Defendant.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10) AND DISMISSING CASE**

---

On October 25, 2023, the plaintiff filed an *in rem* complaint for civil forfeiture against approximately $25,490. Dkt. No. 1. On January 4, 2024, the plaintiff filed an application for entry of default, dkt. no. 9, and the clerk entered default the same day. Along with the application for entry of default, the plaintiff filed a motion for default judgment. Dkt. No. 10. The court will grant that motion.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party must first seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). The plaintiff did so on January 4, 2024. Dkt. No. 9. The court must assure itself that the defendant was aware of the suit and still did not respond.

1

The complaint asserts that on or about April 27, 2023, officers seized approximately $25,490 in United States currency ("the defendant property") from Richard Mynor and Zashamonique Cain-Carter in Milwaukee, Wisconsin. Dkt. No. 1 at ¶2. On October 26, 2023, the clerk issued a warrant for arrest *in rem.* The next day, the United States Marshals Service returned the executed warrant and took custody of the defendant property. Dkt. No. 6. On October 26, 2023, the government provided notice of the complaint, via certified mail, to Mynor and Cain-Carter. Dkt. Nos. 4, 5, 10 at ¶4. The notice and attached complaint were delivered and accepted on behalf of Mynor at his place of incarceration on October 28, 2023, and by, or on behalf of, Cain-Carter at her last known address (the residence from which the defendant property was seized) on October 27, 2023. Dkt. Nos. 8 at 1, 10 at ¶4. The notice explained that a complaint had been filed in this district and that any claimant must file a verified claim meeting the requirements of Rule G(5)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims with the Clerk of the United States District Court for the Eastern District of Wisconsin within thirty-five days of the date of the notice. Dkt. Nos. 4, 5. The notice also explained that any claimant must serve an answer within twenty-one days of the filing of the claim. Id. On November 27, 2023, the government filed its declaration of publication, stating that notice of civil forfeiture had been posted on an official government internet site (www.forfeiture.gov) for at least thirty consecutive days (beginning on October 26, 2023), as required by Rule G(4)(a)(iv)(C). Dkt. No. 7.

The thirty-five-day time limit expired on November 30, 2023. On December 5, 2023, the government filed a letter advising the court that if no claimant filed a verified claim by December 27, 2023, it would seek default judgment. Dkt. No. 8 at 2. The government's default judgment motion explains that it sent copies of this letter by certified mail to Mynor and Cain-Carter. Dkt. No. 10 at ¶8. The copies sent by certified mail were delivered and accepted by, or on behalf of, Mynor (at his place of incarceration) and Cain-Carter (at her last known address, the residence from which the defendant property was seized) on December 7, 2023. Id. To date, no one has filed an answer or a claim to the property.

## II. Plaintiff's Motion for Default Judgment (Dkt. No. 10)

After the entry of default, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. Quincy Bioscience, LLC v. Ellishbooks, 957 F.3d 725, 729 (7th Cir. 2020) (citing Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012)). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."

3

Id. Rule 55 allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Such proceedings are unnecessary, however, if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)). See also Wehrs, 688 F.3d at 892 ("Damages must be proved unless they are liquidated or capable of calculation.") (citation omitted).

The well-pleaded allegations of the complaint demonstrate that the $25,490 is subject to forfeiture under 21 U.S.C. §881(a)(6) because it was "used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. §841(a)(1)." Dkt. No. 1 at ¶7. The complaint asserts that on or about April 27, 2023, officers seized the defendant property while executing a search warrant at Mynor's residence. Id. at ¶¶12-15. Mynor and Cain-Carter were present during execution of the warrant. Id. at ¶13. The officers located the following items in Mynor's residence:

> A. Inside two coolers underneath the basement steps were a total of approximately 17 kilogram-sized pressed bricks of powder cocaine wrapped in plastic wrap and having a total weight of approximately 18,136 grams of cocaine with packaging.
> B. In the northwest upper bedroom was a total of approximately $25,490.00 in United States currency, which was in the following locations:
>     i. Approximately $10,000 in a dresser drawer.

4

> > ii. Approximately $10,840 inside a shoe box in the closet.
> > iii. Approximately $4,000 on the top shelf of the closet.
> > iv. Approximately $506 in the front right pocket of jeans on top of a dresser. Richard Mynor's wallet was also located in the same pair of jeans.
> > v. Approximately $144 in a black purse underneath the bed.
> C. A loaded Ruger handgun was in the northwest upper bedroom closet.
> D. Approximately 56 rounds of ammunition on the basement floor.

Id. at ¶14. The complaint alleges that "[a] drug detection canine gave a positive alert to the odor of a controlled substance on the approximately $25,490.00 in United States currency." Id. at ¶15.

On April 27, 2023, officers executed a search warrant at a second residence associated with Mynor. Id. at ¶16. No one was present during execution of that search warrant. Id. at ¶17. The officers located the following items within the second residence:

> A. Approximately 2,930 grams of cocaine.
> B. Approximately 170 grams of cocaine base.
> C. Approximately 38 grams of fentanyl.
> D. Approximately 13 grams of methamphetamine.
> E. Approximately 1,125 grams of marijuana.
> F. Approximately 10 pounds of lactose and one bottle of quinine.
> G. A money counter.
> H. Three digital scales.
> I. Three loaded and chambered firearms.
> J. Approximately $7,000.00 in United States currency.

Id. at ¶18. The complaint clarified that the $7,000 recovered from the second residence "is not part of the defendant currency in this case." Dkt. No. 1 at 4,

n.2. Later that day, officers conducted a Mirandized interview of Mynor,[1] in which he admitted to "conducting three or four transactions over the past year and during each transaction [] purchas[ing] six to eight kilograms of cocaine from his Chicago source." Id. at ¶22(A). Mynor also admitted to "purchas[ing] pound quantities of marijuana" as well as selling ecstasy and cocaine to customers within Wisconsin. Id. at ¶22(D-G).

Because the court accepts these well-pleaded allegations as true and because no claimant with a valid interest filed a claim within the statutory period, the court finds that the plaintiff is entitled to default judgment in the amount of $25,490.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 10.

The court **ORDERS** that the clerk must enter default judgment in favor of the plaintiff and against the defendant in the amount of $25,490.

The court **ORDERS** that the $25,490 is **FORFEITED** to the United States of America and that no right, title or interest in the defendant property shall exist in any other party.

---

[1] The same day, officers also interviewed Cain-Carter, who stated that she withdrew the $10,000 found in the dresser drawer and that "all of that money was accumulated from tax returns in 2019 or 2020, through her 2022 return." Dkt. No. 1 at ¶25. Cain-Carter also stated "that she did not own any other money in the residence other than a small amount in her purse." Id.

The court **ORDERS** that the United States Marshals Service for the Eastern District of Wisconsin or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**